UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CYNTHIA M. PRICE**, | ) | |
| | ) | |
| Plaintiff, | ) | **No: 16 CV 1400** |
| | ) | |
| vs. | ) | **Jury Demand** |
| | ) | |
| **NORTHERN ILLINOIS UNIVERSITY,** | ) | |
| | ) | |
| Defendant. | ) | |

### AS AND FOR A FIRST CAUSE OF ACTION
(42 USC §1981 *et seq*-RACE DISCRIMINATION)

**Nature of the Action**

1**.** This is an action under 42 USC §1981, for the Defendant, **NORTHERN ILLINOIS UNIVERSITY** ("NIU") having subjected Plaintiff, **CYNTHIA M. PRICE**, hereinafter ("PRICE" or "Plaintiff") to race discrimination (disparate treatment).

### **JURISDICTION AND VENUIE**

2. Jurisdiction of this Court is invoked by 42 USC §1981 *et seq*., 42 USC §1983 et seq., and 28 U.S.C. Sections §1331 and 28 USC §1343.

3. The employment practice hereinafter alleged to be unlawful where and is now being committed in the Northern District of Illinois Central Division and venue is proper pursuant to 28 USC §1391(b).

### **PARTIES**

4. PRICE is an African-American Black female who is a resident of Aurora, DuPage County, Illinois.

5. PRICE was an employee of Defendant NUI hired as a Building Service Worker then promoted to Food Service Supervisor during the period from March of 2004, until May

29, 2014, when PRICE was wrongfully terminated.

6. At all times relevant, NUI, has been and is an not for profit University and were PRICE'S employer.

7. The causes of action against NUI arise under 42 USC §1981.

## FACTUAL ALLEGATIONS

8. The history of PRICE'S employment shows on March of 2014, for which she was given a written reprimand and demoted; on May 29, 2014, she was terminated from employment. Other non-African American Blacks were not treated to the same excessive discipline for similar conduct.

9. Treating African-American Blacks differently in work performance than non-African American Blacks was a regular practice of NUI.

10. All of PRICE'S performance was at least the minimum work performance required by NUI however, because of her being African-American, she was held to a higher standard of performance than non-African American employees.

11. On or about May 29, 2014, PRICE was notified that he was terminated for her performance.

12. NUI's by actions or actions of its agents reporting to NUI unreasonably interfered with the terms and conditions of Plaintiff's employment treating her differently in discipline than those that were not African-American, namely, Penny Napora (Caucasian) and Suzane K (Caucasian) and causing Plaintiff to be terminated on May 29, 2014.

13. By committing the above alleged acts, NUI violated 42 USC §1981 *et seq*.

14. NUI's actions reflect a policy, custom or pattern of official conduct of engaging in and condoning discrimination against individual based upon race.

15. The conduct alleged herein constitutes a pattern, custom and practice of discrimination against African-American Blacks based upon their race. This conduct constitutes an official policy or custom of NUI, which has adversely affected PRICE and violated her rights to make and enforce contracts and the enjoyment of all the benefits, privileges, terms and conditions of the contractual relationships, under 42 U.S.C. § 1981.

16. NUI is responsible for the acts of its supervisors who are acting within the scope of their employment and pursuant to a policy, custom, and/or pattern of race discrimination.

17. Defendants' violations of 42 USC §1981 *et seq*. of the race discrimination and disparate treatment proximately caused PRICE to suffer loss of employment, loss of income, loss of monetary benefits, mental stress, and emotional pain and suffering.

18. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiff's protected rights.

WHEREFORE, Plaintiff CYNTHIA M. PRICE, seeks the following relief as to the First Cause of Action of her Complaint:

A. Entry of judgment in CYNTHIA M. PRICE's favor against both Defendant for its violations of Plaintiff's Section 1981 *et seq*;

B. Reinstatement to her former position with Defendant NUI with full salary, seniority and benefits that he would have attained had he not been unlawfully discharged;

C. Judgment against the Defendants for all salary, wages, and benefits that PRICE would have received, but for her wrongful termination, including, but not limited to back pay, front pay, past and future pecuniary losses, and prejudgment interest;

D.  Judgment for compensatory damages against the Defendant, in an amount to be determined at trial;

E.  An award of costs of this action against the Defendant including reasonable attorneys fees in accordance with 42 USC §1988;

F.  An order requiring Defendants to remove any and all negative information from PRICE'S personnel file and employment records and to correct or withdraw and such information that previously has been communicated or disseminated to any public agency, licensing or regulatory board, or third party relating to PRICE and to refrain from communicating or disseminating any such negative information in the future;

G.  A permanent injunction preventing Defendant from further violations of PRICE'S rights under Section 1981 *et seq.*; and

H.  Such other relief as this Court may deem just and equitable.

CYNTHIA M. PRICE

BY:<b>/s/ Michael T. Smith</b><br>Michael T. Smith<br>Trial Attorney

Michael T. Smith 6180407IL
440 W. Irving Park Road
Roselle, IL 60172
(847) 895-0626