UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA M. PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16 CV 9827 |
| | ) | |
| NORTHERN ILLINOIS UNIVERSITY, | ) | The Honorable Joan H. Lefkow |
| | ) | |
| Defendant. | ) | Jury Demand |

**DEFENDANT(S)' RESPONSE IN OPPOSITION TO**
***PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT***

Defendant NORTHERN ILLINOIS UNIVERSITY ("NIU" or the "University"), by its attorney, SARA M. CLIFFE, Office of General Counsel, Northern Illinois University, opposes *Plaintiff's Motion for Leave to File an Amended Complaint* and presents this Response in support thereof.

**INTRODUCTION**

Rule 15 of the FEDERAL RULES OF CIVIL PROCEDURE ("FRCP") provides that a party may amend a pleading one time as a matter of course. FRCP 15(a)(1). Thereafter, a party must obtain written agreement from the opposing party or leave to file the amended pleading from the Court. FRCP 15(a)(2). While leave to amend a pleading is to be freely given where justice demands, *Id*., a court may deny leave to amend a pleading where the proposed amended pleading would be subject to dismissal, or in other words, where allowing the filing of the amended pleading would be futile. *Naperville Smart Meter Awareness v. City of Naperville*, 114 F.Supp.3d 606, 610 (N.D.Ill. 2015).

Here, Plaintiff's proposed Amended Complaint would not withstand a motion to dismiss for the reasons stated herein. The filing of the Amended Complaint would, accordingly, be futile, and as a result, Plaintiff's *Motion for Leave* should be denied.

**BACKGROUND**

Plaintiff's prior two Complaints, filed on October 17 and 26, 2016 respectively, alleged disparate treatment based upon race arising out of her employment with NIU in violation of 42 U.S.C. § 1981 and named only NIU as a defendant. [Dkt. Nos. 1 and 5.] In both her original and First Amended Complaint, Plaintiff alleges that she was wrongfully terminated on May 29, 2014. [Dkt. No. 1 ¶¶ 5 and 8; Dkt. No. 5 ¶¶ 5 and 8.] NIU moved to dismiss the First Amended Complaint pursuant to FRCP 12(b)(1) on the ground that as an arm of the State of Illinois, it is immune from § 1981 claims under the Eleventh Amendment. [Dkt. Nos. 8 and 9.]

**Plaintiff's Proposed Second Amended Complaint**

Plaintiff now seeks to amend her Complaint for a third time in order to cure the defects raised by NIU's Motion to Dismiss. Plaintiff's most recent "Amended Complaint" (hereinafter "Second Amended Complaint"): (1) names two individual Defendants for the first time; (2) retains her claim under § 1981 for jurisdictional purposes; and (3) specifies 42 U.S.C. § 1983 as the basis for her claims. [Dkt. No, 16-1, ¶ 2 and pp. 3 and 4 (stating § 1983 claims against the new individual defendants).]

It appears from her factual allegations that Plaintiff now complains of a hostile work environment, retaliation, and constructive discharge. [Dkt. No. 16-1, ¶¶ 1-12.] The date of Plaintiff's alleged constructive discharge remains May 29, 2014. [*Id.*, ¶¶ 5 and 10.]

**LEAVE SHOULD BE DENIED BECAUSE
THE PROPOSED AMENDED COMPLAINT COULD NOT WITHSTAND A MOTION TO DISMISS**

Plaintiff's § 1981 claims remain barred by the Eleventh Amendment. Plaintiff's § 1983 claims are lacking an allegation that any other provision of the Constitution or any federal statute has been violated, and are, additionally, time-barred. The newly-named individual defendants are also immune and any claims against them are likewise time-barred. As such, Plaintiff's proposed Second Amended Complaint could not withstand a Motion to Dismiss, and therefore, this Honorable Court should deny Plaintiff leave to file the new Complaint because to do so would be futile.

    **A. Plaintiff's Proposed Claims under 42 U.S.C. § 1981 Remain Subject to Dismissal Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1) Because NIU and the Proposed Individual Defendants Remain Immune Under the Eleventh Amendment**

NIU is an arm of the State of Illinois, and as such, receives the protection of the Eleventh Amendment. *See Osteen v. Henley*, 13 F.3d 221, 223-24 (7th Cir. 1993); [Dkt. Nos. 8 and 9.] Accordingly, Plaintiff's §1981 claims remain subject to dismissal with prejudice for lack of subject matter jurisdiction. Newly-named Defendants Kenyon and Willert are also entitled to immunity under the Eleventh Amendment. *Regents of the University of California v. Doe*, 519 U.S. 425, 429, 117 S.Ct. 900, 903, 137 L.Ed.2d 55 (1997).

    **B. Plaintiff's Proposed § 1983 Claims Are Subject to Dismissal Under FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) Because There is No Alleged Constitutional Rights and Because They are Time-Barred**

It is unclear whether Plaintiff seeks to utilize § 1983 to enforce her rights under § 1981 or if she attempts to state a separate claim under § 1983. Either way, her claims could not survive a motion to dismiss.

    1. <u>Defendant(s) Remain Entitled to Eleventh Amendment Immunity</u>

Section 1983 does not itself confer substantive rights. *Baumgardner v. County of Cook*, 108 F.Supp.2d 1041, 1042 (N.D.Ill. 2000). Rather, it provides a remedy (or a private cause of action) for violations of constitutional rights or rights created by a federal statute. *Id.,* p. 1042-43. Plaintiff's proposed Amended Complaint contains no constitutional or federal statutory right that she alleges was violated, other than 42 U.S.C. § 1981. Indeed, claims under § 1981 are enforced via § 1983. *De v. City of Chicago*, 912 F.Supp.2d 709, 730 (2012), analyzing *Jett v. Dallas Independent School District*, 491 U.S. 701, 731, 109 S.Ct. 2702 (1989) (§ 1981 does not provide a cause of action against local state actors, government entities, or municipalities, so a plaintiff must assert a cause of action against state actors under § 1983 to remedy violations of the civil rights secured by § 1981).

Accordingly, to the extent the Second Amended Complaint utilizes § 1983 to plead Plaintiff's claims under § 1981, her claims remain barred by the Eleventh Amendment and subject to dismissal for a lack of subject matter jurisdiction.

2. Plaintiff's Proposed Claims Under § 1983 Are Barred By the Statute of Limitations

Additionally, even if the Second Amended Complaint is read to state the violation of another constitutional or statutory right, Plaintiff's § 1983 claims would be subject to dismissal pursuant to FRCP 12(b)(6) for failure to state a claim, as the claims would be time-barred. 42 U.S.C. § 1983 borrows the forum state's statute of limitations for personal injuries. *Thomas v. City of Chicago*, 155 F.Supp.2d 820, 823 (2001). Under Illinois law, personal injury litigants are subject to a two year statute of limitations. 735 ILCS 5/13–202. *See also*, *Eison v. McCoy*, 146 F.3d 468, 470 (7th Cir.1998). Plaintiff's initial Complaint, filed on October 17, 2016, was filed more than two years after May 29, 2014, the alleged date of her termination/constructive discharge, and her claims under Section 1983 are, therefore, time-barred. This includes Plaintiff's newly asserted claims against Kenyon and Willert, as her proposed Second Amended Complaint does not relate back to a timely-filed complaint. *See* FRCP 15(c); *Martin v. Special Agents*, 169 F.Supp.2d 805, 809 (2001)(dismissing counts of complaint because relation back did not warrant adding new defendants).

The proposed Second Amended Complaint, like the two before it, alleges that Plaintiff was terminated or constructively discharged on May 29, 2014. [Dkt. Nos. 1, ¶¶ 5 and 8; 5, ¶¶ 5 and 8; and 16-1, ¶¶ 5 and 10.] The University is obligated to acknowledge that its own investigation indicates that the actual date that Plaintiff voluntarily resigned her employment was July 30, 2015. Nevertheless, on a Motion to Dismiss pursuant to both FRCP 12(b)(1) and (6), this Honorable Court must accept all well-pleaded allegations in the Complaint as true. *Patten v. Northern Trust Co.*, 703 F.Supp.2d 799, 803 (2010). Since Plaintiff continues to allege that the date she left the employ of NIU was May 29, 2014, her original Complaint was time-barred, and her proposed Amended Complaint remains so.

4

**CONCLUSION**

For the reasons discussed herein, Defendant NIU respectfully requests that this Honorable Court:

(1) Deny Plaintiff's Motion for Leave to File an Amended Complaint; and

(2) Dismiss this action with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6).

        Respectfully Submitted,

        s/ Sara M. Cliffe
        *Attorney for Defendant Northern Illinois University*

Sara M. Cliffe
OFFICE OF GENERAL COUNSEL
Northern Illinois University
Altgeld Hall, Room 330
DeKalb, IL 60115
(815) 753-1774
scliffe@niu.edu

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on Tuesday, February 7, 2017, she electronically filed the foregoing document, **Defendant(s)' Response To Plaintiff's Motion For Leave To File An Amended Complaint**, with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF System. All participants in this case are registered CM/ECF users who will be served by the CM/ECF System.

                                                s/ Sara M. Cliffe
                                                *Attorney for Defendant Northern Illinois University*

Sara M. Cliffe
OFFICE OF GENERAL COUNSEL
Northern Illinois University
Altgeld Hall, Room 330
DeKalb, IL 60115
(815) 753-1774
scliffe@niu.edu

6