UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA M. PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16 CV 9827 |
| | ) | |
| NORTHERN ILLINOIS UNIVERSITY, | ) | The Honorable Joan H. Lefkow |
| | ) | |
| Defendant. | ) | Jury Demand |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6)**

Defendants, NORTHERN ILLINOIS UNIVERSITY ("NIU" or the "University"), GINA KENYON, and BARBARA WILLERT, by their attorney, SARA M. CLIFFE, Office of General Counsel, Northern Illinois University, move to dismiss Plaintiff's *Amended Complaint as and for a First Cause of Action* ("Second Amended Complaint") with prejudice and in support of this Motion, state as follows:

1. Plaintiff's claims under § 1981 and § 1983 against NIU and Defendants Kenyon and Willert in their official capacities remain barred by the Eleventh Amendment and subject to dismissal pursuant to FRCP 12(b)(1) for lack of jurisdiction. *Osteen v. Henley*, 13 F.3d 221, 223-24 (7th Cir. 1993) (affirming dismissal of § 1983 due process claim against NIU on grounds of Immunity pursuant to FRCP 12(b)(1)); *Rucker v. Higher Educational Aids Bd.*, 669 F.2d 1179, 1184 (7th Cir. 1982) (§ 1981).

2. The § 1983 claims lack reference to any other provision of the Constitution or any federal statute that has been violated, rendering them subject to dismissal pursuant to FRCP 12(b)(6) for failure to state a claim. *Baumgardner v. County of Cook*, 108 F.Supp. 2d 1041, 1042 (N.D.Ill. 2000)(denying motion to dismiss because claims were asserted under the Constitution and not a federal statute).

1

3.  The claims in the *Second Amended Complaint* pursuant to § 1983 are time-barred. *De v. City of Chicago*, 912 F.Supp.2d 709, 730 (7th Cir., 2012), analyzing *Jett v. Dallas Independent School District*, 491 U.S. 701, 731, 109 S.Ct. 2702 (1989) (§ 1981 does not provide a cause of action against local state actors, government entities, or municipalities, so a plaintiff must assert a cause of action against state actors under § 1983 to remedy violations of the civil rights secured by § 1981). *Thomas v. City of Chicago*, 155 F.Supp.2d 820, 823 (7th Cir. 2001); 735 ILCS 5/13–202.

4.  Plaintiff's Original Complaint was untimely and as a result, Defendants KENYON and WILLERT should be dismissed, as the claims against them do not relate back to a timely filed complaint. FEDERAL RULE OF CIVIL PROCEDURE 15.

5.  Dismissal of Plaintiff's operative Complaint should be with prejudice because she cannot cure the application of immunity or the untimelineness of her claims. *Runnion v. Girl Scouts of Greater Chicago*, 786 F.3d 510, 520 (2015) ("Where it is clear that the defect cannot be corrected so that amendment is futile, it might do no harm to deny leave to amend and to enter an immediate final judgment….") and

6.  The Parties have conferred and propose the following briefing schedule for this Motion:

    a.  Plaintiff requests forty (40) days to respond to Defendants' Motion (counsel has a Motion for Summary Judgment due in another case on May 18, 2017);

    b.  Defendants request twenty-one days thereafter to file their Response in support of the Motion.

WHEREFORE, Defendants NORTHERN ILLINOIS UNIVERSITY, GINA KENYON, and BARBARA WILLERT respectfully request that this Honorable Court enter an Order granting their request for dismissal of Plaintiff's *Amended Complaint as and for a First Cause of Action* in its entirety and with prejudice.

        Respectfully Submitted,

        s/ Sara M. Cliffe
        *Attorney for Defendant Northern Illinois University*

Sara M. Cliffe
OFFICE OF GENERAL COUNSEL
Northern Illinois University
Altgeld Hall, Room 330
DeKalb, IL  60115
(815) 753-1774
scliffe@niu.edu

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on Monday, April 17, 2017, she electronically filed the foregoing document, **Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)** with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF System. All participants in this case are registered CM/ECF users who will be served by the CM/ECF System.

    s/ Sara M. Cliffe
    *Attorney for Defendant Northern Illinois University*

Sara M. Cliffe
OFFICE OF GENERAL COUNSEL
Northern Illinois University
Altgeld Hall, Room 330
DeKalb, IL 60115
(815) 753-1774
scliffe@niu.edu