UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **CYNTHIA M. PRICE**, | ) | |
| | ) | |
| **Plaintiff,** | ) | No: 16 CV 9827 |
| | ) | |
| vs. | ) | **Jury Demand** |
| | ) | |
| **NORTHERN ILLINOIS UNIVERSITY,** | ) | |
| **GINA KENYON, in her official and individual** | ) | |
| **capacity and BARBARA WILLERT, in her official** | ) | |
| **and individual capacity.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S MEMORANDUM IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff, **CYNTHIA M. PRICE** ("Plaintiff"), by and through his attorney, Michael T. Smith, respectfully submits this Memorandum of Law in Opposition to defendants **NORTHERN ILLINOIS UNIVERSITY et al.** ("Defendants") Motion to Dismiss Plaintiff's Complaint. For the reasons set forth herein, Plaintiff respectfully requests that Defendants' motion be denied in its entirety.

**INTRODUCTION**

Plaintiff has filed a one-count amended complaint ("Amended Complaint") against Defendants stating a claim for race under 42 U.S.C. §1981 and her claim is brought against the Defendants through §1983,. Defendant has filed a motion to dismiss Plaintiff's Complaint ("Defendant's Motion"): (1) That Defendants are immune through the Eleventh Amendment; (2) that Plaintiff failed to allege a Constitutional Right; (3) that action are untimely"; and (4) that, the Second

1

Amended Complaint should be dismissed. Plaintiff disagrees with all of Defendant's arguments and will address each of them herein.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Id.*. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013). Also, a "motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). "[A] plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses . . . ." *Independent Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012).

**ARGUMENT**

Defendant appears to argue that Plaintiff's complaint is unintelligible. This is simply not true. Plaintiff clearly provides the factual detail to support all his claims in Paragraphs 1-29, and then, clearly and concisely states the conduct that she argues forms the basis of the cause of action.

**1. NIU, Kenyon and Willert Are Not Entitled To Eleventh Amendment Immunity and There is aa Alleged Constitutional Right established.**

Defendants' request for qualified immunity (Def. Mem. 3-4) is both premature and groundless. "A complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). "Because an immunity defense usually depends on the facts of the case, dismissal at the pleading stage is inappropriate . . . ." *Id.*; *Tamayo*, 526 F.3d at 1090; *Gomez v. Gard CL Great Lakes, Inc.*, 2013 WL 6858793, *3 (N.D. Ill.). "The plaintiff is not required initially to plead factual allegations that anticipate and overcome a defense of qualified immunity." *Tamayo*, 526 F.3d at 1090; *Alvarado*, 267 F.3d at 651.

Defendants' improperly constrictive view of what constitutes "clearly established" law, their claims for qualified immunity would still depend heavily on multiple issues of disputed fact that simply cannot be properly or fairly determined at this very early stage of the case. On this ground alone, therefore, qualified immunity is wholly inappropriate here and must be denied.

Defendants' immunity argument must also be rejected, however, because "In determining whether a constitutional right has been clearly established, it is not necessary for the particular violation in question to have previously been held unlawful" (*Nanda v. Moss*, 412 F.3d 836, 844 (7th Cir. 2005)), nor is Plaintiff required to provide a "fundamentally similar" case or one with "materially similar facts." *Narducci v. Moore*, 572 F.3d 313, 318 (7th Cir. 2009), citing *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). "Instead, a clearly established constitutional right exists in the

absence of precedent, where 'the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Nanda*, 412 F.3d at 844, quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Under these rules—as the analyses above again demonstrate—ample decisional law demonstrating unequivocally to any reasonable official that Defendants were violating Plaintiff's implied constitutional rights was clearly established well before they acted. Defendants must therefore be denied qualified immunity on that ground as well.

### A. Race Discrimination

Plaintiff alleges that, "Defendants have discriminated against Plaintiff and subjected her to different terms and conditions of employment based upon her race, including but not limited to:

> a) In March of 2014 after PRICE reported an incident of a hostile work environment, by an employee not of Price's race and PRICE was demoted after reporting that incident.
> b) In June of 2014, PRICE was accused of stealing ice cream, said allegation was untrue.
> c. In July of 2014, PRICE was accused of stealing time and was suspended for 5 days even though she had proof of having been at work.
> d. Making PRICE check-in before taking breaks while no one else not in PRICE's protected class wa required to do the same.
> e. PRICE was required to do work outside of her job description.

## 2. Plaintiff's §§ 1981 and 1983 Claims Are Not Time Barred.

Plaintiff brings one count against Defendants in her complaint: race discrimination under 42 U.S.C. §1981, her claim is brought against the Defendants through §1983, but Plaintiff's substantive claims for discrimination are authorized by, and guaranteed under, §1981. They are

4

simply brought **procedurally** pursuant to §1983. If a plaintiff's claim is actionable under the Civil Rights Act of 1991 that amended §1981, then §1981's statute of limitations is four years under 28 U.S.C. §1658's catchall provision. The analysis is as follows.

Congress established a four year statute of limitations for causes of action arising under an Act of Congress enacted after December 1, 1990. 28 U.S.C. 1658(a). In *Jones v. R.R. Donnelly & Sons, Co.*, 541 U.S. 369 (2004), the Supreme Court ruled that because the meaning of "arising under" in §1658 is ambiguous, Congress's intent must be determined by looking at the section's bare text, the context within which it was enacted, and the purposes it was designed to accomplish. 541 U.S. 374-78.

The context is that §1658 was enacted because Congress created a void by its failure to pass a uniform limitations statute for federal causes of action. The practice of borrowing state statutes of limitation generated a host of problems, thus the central purpose of §1658 was uniformity, to minimize the need for borrowing.

Causes of action arising under an Act of Congress enacted after December 1, 1990 are thus governed by §1658's four year statute of limitations if the plaintiff's claim against a defendant is made possible by a post-1990 enactment.

Because an amendment to an existing statute is no less an Act of Congress than a new statute, where the amendment creates new rights of action and corresponding liabilities, the Supreme Court unanimously concluded that amendments to §1981 created by the Civil

Rights Act of 1991 are appropriately included within the purview of §1658's catch-all four year statute of limitations. *Id*. at 370. Followed *Baker v. Birmingham Board of Education*, et al., 531 F. 3d 1336 (11th Cir. 2008)

Plaintiff was constructively terminated on May 29, 2014. Plaintiff filed suit (pursuant to §1981, via §1983) on October 17, 2016, within the four year statute of limitations. His claims are thus not time barred.

## IV. CONCLUSION.

For all the foregoing reasons, Defendants' Motion should be denied in its entirety and Plaintiff should be afforded the opportunity to engage in discovery and present her case at summary judgment or trial.

                                CYNTHIA PRICE
                        BY:**/s/ Michael T. Smith**
                                Michael T. Smith

Michael T. Smith #6180407IL
10 N. Martingale Road, Suite 400
Schaumburg, IL 60173
(847) 466-1099

# **CERTIFICATE OF SERVICE**

I, Michael T. Smith, attorney, hereby certify that on May 30, 2017, I electronically filed the attached Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

**/s/ Michael T. Smith**
Michael T. Smith #6180407IL
10 N. Martingale Road, Suite 400
Schaumburg, IL 60173
(847) 466-1099