UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA M. PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16 CV 9827 |
| | ) | |
| NORTHERN ILLINOIS UNIVERSITY, | ) | The Honorable Joan H. Lefkow |
| | ) | |
| Defendant. | ) | Jury Demand |

**DEFENDANTS' REPLY IN SUPPORT OF DISMISSAL WITH PREJUDICE**

Plaintiff has clarified in her *Memorandum in Opposition to Defendants' Motion to Dismiss* [Dkt. No. 37, hereinafter "*Response*") that her single claim against all three Defendants arises under 42 U.S.C. § 1981. [*Response*, p. 1 ("Plaintiff has filed a one-count amended complaint … against Defendants stating a claim for race (*sic*) under 42 U.S.C. §1981 and her claim is brought against the Defendants through §1983").] As argued in Defendant's Motion, they are insulated from suit by the Eleventh Amendment. Further, because § 1983 remains the sole remedy for claims against state actors, Illinois' two-year statute of limitations applies and Plaintiff's claim is, therefore, time barred. As a result, dismissal of Plaintiff's Second Amended Compliant should be granted with prejudice and this case terminated.

**I.      Defendants Are Immune from Suit**

Plaintiff's *Response* provides no opposition to Defendants' assertion of sovereign immunity. Instead, Plaintiff argues that it is premature to determine if qualified immunity attaches to Defendants' acts as alleged in her Second Amended Complaint. [*Response*, pp. 3-4.] However, Defendants did not move for dismissal on grounds of qualified immunity. [*Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)*, Dkt. No. 31.] The Seventh Circuit recognizes the Eleventh Amendment protection from suit for State agencies as "so well established that it needs no further discussion …." *Hearne v. Bd. of Ed. of Chicago*, 185 F.3d 770,

1

777 (7th Cir. 1999). *See also*, *Gomez v. Ill. Dept. of Hum. Svcs.*, 2006 WL 2560847, *1 (N.D.Ill., 2006) (dismissing § 1981 claim against the IDHR). Plaintiff does not dispute that NIU is an arm of the State of Illinois, 110 ILCS 705/1, and therefore, cannot surmount the legal authority compelling Defendants' dismissal from this case. *Hearne*, 185 F.3d at 776 (Eleventh Amendment extends to State employees sued in their official capacities); *Osteen v. Henley*, 13 F.3d 221, 223-24 (7th Cir. 1993) (affirming dismissal of § 1983 due process claim against NIU and individual defendants sued in their official capacities on grounds of Sovereign Immunity pursuant to FRCP 12(b)(1)); *Rucker v. Higher Educational Aids Bd.*, 669 F.2d 1179, 1184 (7th Cir. 1982) (Eleventh Amendment Immunity applied to state agency for claims under Sections 1981, 1983, and 1985);

Plaintiff's assertion that dismissal is premature [*Response*, p. 3], is perhaps applicable for issues surrounding qualified immunity, but sovereign immunity is a "preliminary question that should be resolved before the merits of the claim." *Toller v. Wisc. Dept. of Corrections*, 461 F.3d 871, 874 (7th Cir. 2006). Dismissal at this time is, therefore, appropriate.

Accordingly, Defendants are entitled to dismissal with prejudice pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) because this Honorable Court lacks jurisdiction over Plaintiff's § 1981 claim.

**II.     Plaintiff's Claim Is Time Barred**

Plaintiff argues in her *Response* that under *Jones v. R.R. Donnelly & Sons, Co.*, 541 U.S. 369 (2004), the four-year statute of limitations contained in 28 U.S.C. § 1658 applies to her § 1981 claim. Citing only a 2008 Eleventh Circuit case, Plaintiff does not distinguish between official and individual capacities, or between public and private agencies and officials.

The Seventh Circuit has, however, held that § 1658's four-year statute of limitations does not apply to save a § 1981 claim against a state actor. *Campbell v. Forest Preserve Dist. of Cook County*, 752 F.3d 665 (7th Cir. 2014), *certiorari denied*, 135 S.Ct. 947 (2015). In *Campbell*, the plaintiff alleged pursuant to § 1981 that he was denied progressive discipline and terminated because of his race. *Id*. at 666. The

Court examined the holdings of the United States Supreme Court in relation to § 1658, holding that a plaintiff must obtain relief under 42 U.S.C. § 1983 for wrongs committed by state (as opposed to private) actors. *Id*. at 671. In so doing, the Seventh Circuit affirmed the District Court's dismissal pursuant to FRCP 12(b)(6) for failure to state a claim due to the passage of the two-year statute of limitations applicable to § 1983 claims. *Id*. at 666-67 and 671. The Seventh Circuit has declined to overrule *Campbell*, *Williams v. Office of Chief Judge of Cook County Illinois*, 839 F.3d 617, 627 (7th Cir. 2016); *Ball v. City of Indianapolis*, 760 F.3d 636 643 (7th Cir. 2014), and the Courts of this District have followed suit. *Ali v. Village of Tinley Park*, 79 F.Supp.3d 772, 774 (N.D.Ill. 2015) (dismissing § 1981 claims with prejudice).

Accordingly, Plaintiff's § 1981 claim of race discrimination is barred by the passage of Illinois' two-year statute of limitations and her Second Amended Complaint should be dismissed with prejudice.

## **CONCLUSION**

Defendants are entitled to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) because they are entitled to Eleventh Amendment immunity. Defendants are also entitled to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) because the applicable two-year statute of limitations has passed. Finally, because this is Plaintiff's third Complaint and the addition of individual Defendants Gina Kenyon and Barbara Willert do not relate back to a timely filed Complaint, dismissal should be with prejudice because amendment would be futile.

s/ Sara M. Cliffe_____
*Attorney for Defendant Northern Illinois University*

Sara M. Cliffe
OFFICE OF GENERAL COUNSEL
Northern Illinois University
Altgeld Hall, Room 330
DeKalb, IL 60115
(815) 753-1774
scliffe@niu.edu

3

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on Wednesday, June 14, 2017, she electronically filed the foregoing document, **Defendants' Reply In Support of Dismissal With Prejudice**, with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF System. All participants in this case are registered CM/ECF users who will be served by the CM/ECF System.

                                                       s/ Sara M. Cliffe
                                                       *Attorney for Defendant Northern Illinois University*

Sara M. Cliffe
OFFICE OF GENERAL COUNSEL
Northern Illinois University
Altgeld Hall, Room 330
DeKalb, IL 60115
(815) 753-1774
scliffe@niu.edu