IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA M. PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-CV-9827 |
| | ) | |
| NORTHERN ILLINOIS UNIVERSITY, | ) | Judge Joan H. Lefkow |
| GINA KENYON, in her official and | ) | |
| individual capacity, and BARBARA WILLERT, | ) | |
| in her official and individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

For the reasons stated below, defendants' motion to dismiss is granted as to all claims for damages and back pay against NIU. All official capacity claims against Kenyon and Willert are dismissed. Price may proceed against NIU on her claim for reinstatement and against Kenyon and Willert on her claims for compensatory damages. The case will be called for status hearing on January 16, 2018. The parties shall discuss in advance of that hearing the potential for early resolution, the scope of needed discovery, and a date for Rule 26(a) disclosures. See Statement.

**STATEMENT**

**I.     Background[1]**

On October 17, 2016, Cynthia M. Price filed this civil rights suit for damages and injunctive relief against Northern Illinois University (NIU) and two of its employees, Gina Kenyon and Barbara Willert in their individual and official capacities, alleging race discrimination which resulted in her constructive termination from her employment at NIU. In her amended complaint, Price labels her claims as § 1983 claims, although she appears to rely on substantive rights granted by 42 U.S.C. § 1981. (Dkt. 22.) Defendants have moved to dismiss for lack of jurisdiction based on sovereign immunity and for failure to state a claim upon which relief may be granted. (Dkt. 34.) [2]

Price is an African-American woman who was employed by NIU from March 2004 to

---

[1] The facts described herein are taken from Price's second amended complaint (dkt. 22) and are accepted as true for the purposes of this motion. *See Thompson* v. *Ill. Dep't of Prof'l Reg.,* 300 F.3d 750, 753 (7th Cir. 2002) (internal citations omitted); Fed. R. Civ. P. 10(c).

[2] The court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. Venue is proper under 28 U.S.C. § 1391(b).

May 29, 2014, first as a Building Service Worker and later as a Food Service Supervisor. In March 2014, Price reported an incident of hostile work environment regarding a non-African-American employee.[3] (*Id.* ¶ 11.) Kenyon and Willert subsequently reprimanded, suspended, and demoted Price, made false allegations of stealing, and required her to report when she was going on breaks when no one else was required to do so, all with intent to retaliate against her for making the hostile work environment report and to harass her because of her race. Price, despite performing satisfactorily, could not continue working in that environment and was constructively terminated on May 24, 2014. She also alleges a pattern and practice by NIU of discrimination against African-Americans.

## II.     Legal Standard

Rule 12(b)(1) provides that a case will be dismissed if the court lacks the authority to hear and decide the dispute. Fed. R. Civ. P. 12(b)(1). If subject matter jurisdiction is not evident from the face of the complaint, the court analyzes the motion to dismiss under Rule 12(b)(1) as any other motion to dismiss by assuming the allegations of the complaint are true. *United Phosphorous, Ltd.* v. *Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (en banc), *overruled on other grounds by Minn–Chem, Inc.* v. *Agrium Inc.*, 683 F.3d 845 (7th Cir. 2012).

A Rule 12(b)(6) motion challenges a complaint for failure to state a claim on which relief may be granted. To survive a Rule 12(b)(6) motion, the complaint must provide the defendant with fair notice of a claim's basis and must also establish that the requested relief is plausible on its face. *See Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp.* v. *Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (holding that a plaintiff's obligation to provide the "grounds" of her "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do; also, factual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all the allegations in the complaint are true).

## III.    Analysis

### A.     Jurisdiction - Eleventh Amendment Immunity

Under the Eleventh Amendment, states, state agencies, and state officials generally "may claim immunity from suit in federal court." *Kroll* v. *Bd. of Tr. of the Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991).[4] The Seventh Circuit has previously determined that NIU is an arm of the State of Illinois and consequently receives the protection of the Eleventh Amendment. *Osteen* v. *Henley,* 13 F.3d 221, 223–24 (7th Cir. 1993); *see also Winters* v. *Iowa State Univ.,* No. 91-2717,

---

[3] The complaint does not make clear to whom this complaint was directed, but the court infers that the report was internal to the university and that Price is alleging Kenyon and Willert had knowledge of the complaint and its content.

[4] In response, Price argues that complaints are "generally not dismissed under Rule 12(b)(6) on qualified immunity grounds." *See Alvarado* v. *Litscher,* 267 F.3d 648, 651 (7th Cir. 2001). While Price is correct with regard to her assertions about qualified immunity, she appears to have conflated defendants' Eleventh Amendment immunity defense with a defense of qualified immunity. Defendants have not raised a qualified-immunity defense in their motion for dismiss.

1992 WL 101625, at *2 (7th Cir. May 13, 1992) (holding that Eleventh Amendment immunity extends to state universities for claims under § 1981). Therefore, the court lacks subject matter jurisdiction over the claims for damages brought against NIU as well as against Kenyon and Willert in their official capacities.

Price does seek injunctive relief, however, in the form of reinstatement. Claims for injunctive relief are not barred by the Amendment. *Osteen*, 13 F.3d at 223, citing *Kentucky* v. *Graham*, 473 U.S. 159, 169 n.18, 205 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). Any such claim, however, could only be asserted against NIU because Willert and Kenyon could not provide this relief outside their official capacities. *See Woulfe* v. *Cty. of Cook Dept. of Adult Probation*, No. 95 C 7435, 1997 WL 136265, *4 (N.D. Ill. March 20, 1997), citing *Lenea* v. *Lane*, 882 F.2d 1171, 1178 (7th Cir. 1989) (also holding award of back pay from the state is barred by Eleventh Amendment).

As such, all claims against NIU for back pay and damages must be dismissed with prejudice. All official capacity claims against Kenyon and Willert must be dismissed with prejudice. NIU is subject to Price's claim for reinstatement. Kenyon and Willert are subject to her claims for compensatory damages in their individual capacities.

**B.     Timeliness of the Complaint**

Defendants additionally argue that Price's complaint should be dismissed in its entirety as untimely. Claims brought under § 1981 made possible by the 1990 amendment to § 1981[5] are subject to the four-year statute of limitations of 28 U.S.C. § 1658; *Jones* v. *R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382, 124 S. Ct. 1836, 158 L. Ed. 2d 645 (2004). The statute of limitations for claims brought under § 1983 are "governed by the forum state's personal injury statute of limitations." *Campbell* v. *Forest Preserve Dist. Of Cook County, Ill.*, 752 F.3d 665, 668 (7th Cir. 2014). Accordingly, in Illinois, § 1983 claims are subject to a two-year statute of limitations. 735 Ill. Comp. Stat. § 5/13-202.

Defendants argue that, because § 1981 does not provide a right of action against state actors independent of § 1983, *see Campbell*, 752 F.3d at 671,[6] § 1983's two-year statute of limitations applies. Price responds that her complaint is timely because the action concerns rights created by the amendment of § 1981 by the Civil Rights Act of 1991 (dkt. 37 at 4–5). *See* n.5 *supra*; *Campbell*, 752 F.3d at 668.

In *Jones*, the Court interpreted § 1658 to apply "if the plaintiff's claim against defendant was made possible by a post-1990 enactment." 541 U.S. at 382. The Seventh Circuit in *Campbell* noted, but did not need to decide, that where a plaintiff's claim is "based on a violation of § 1981 that could not have occurred before the Civil Rights Act of 1991 amended that statute . . . one

---

[5] In 1991, Congress amended § 1981 to establish that the term "make and enforce contracts" includes the "termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

[6] *See also De* v. *City of Chi.*, 912 F. Supp. 2d 709, 727–30 (N.D. Ill. 2012) (collecting cases and finding that "§ 1983 provides the sole remedy for violations of § 1981 by state actors").

might argue that § 1658's four-year statute of limitations should apply regardless." 752 F.3d at 668.

Accepting the defense's argument would make impossible a § 1981 claim filed more than two years from accrual, which is contrary to the application of a four-year limitations period in *Jones*. The better conclusion is that the limitations period for §1981 is an exception to the general two-year period for § 1983 established in *Wilson* v. *Garcia*, 471 U.S. 261, 105 S. Ct. 1938, 85 L. Ed.2d 254 (1985). As discussed in *Sams* v. *City of Chi.*, No. 13 C 7652, 2014 WL 6685809, at *6 (N.D. Ill. Nov. 25, 2014), which also concluded that the four-year limitations period applies to claims brought under § 1983 for violations of § 1981, this appears to be the view of the Seventh Circuit. As such, the four-year limitations period of 28 U.S.C. § 1658 applies to Price's claims for violations of § 1981.

**C.     Failure to State a Claim**

Finally, defendants argue that Price has failed to state a claim because her § 1983 claims fail to allege a federal constitutional or statutory violation. This assertion is not entirely accurate, as Price alleges in paragraph 1 that she proceeds under § 1981 and in paragraph 9 that her claims arise under §§ 1981 and 1983. Since only § 1981 grants substantive rights, one must infer that she is claiming violation of § 1981. That aside, her claims are not foreclosed by failure to articulate a legal theory. *See Hatmaker* v. *Mem'l Med. Ctr*., 619 F.3d 741, 742–73 (7th Cir. 2010) ("Although [*Twombly* and *Iqbal*] require that a complaint in federal court allege facts sufficient to show that the case is plausible, they do not undermine the principle that plaintiffs in federal courts are not required to plead legal theories.") (citations omitted). The facts are what counts. The allegations are sparse, but Price has alleged that NIU and the individual defendants, because of her race, subjected her to disparate treatment, retaliation, and made her working conditions so unpleasant in several specific ways that she felt forced to quit. As such, she has stated a plausible claim for violation of § 1981.

On the other hand, Price's allegations of pattern and practice against NIU are wholly unsupported by facts and are therefore insufficient to state a plausible claim for injunctive relief under *Monell* v. *Department of Social Services of the City of New York,* 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978), if that was Price's intention.

Date: December 14, 2017                           _____
                                                  U.S. District Judge Joan H. Lefkow

4